IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAJAN PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 20-cv-3070-LKG |
| v. | ) | |
| | ) | Date:  March 8, 2022 |
| UNIVERSITY OF MARYLAND | ) | |
| COLLEGE PARK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff *pro se*, Rajan Patel, brings this civil action against the University of Maryland College Park ("UMCP") alleging violations of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1666a to 1666j, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 to 1681x. *See* Compl., ECF No. 1.  UMCP has moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6).  Def. Mot., ECF No. 14; Def. Mem., ECF No. 14-1.  Plaintiff has also moved for leave to amend the complaint, pursuant to Fed. R. Civ. P. 15.  Pl. Mot., ECF No. 22.  No hearing is necessary to resolve these motions.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court **GRANTS-in-PART** UMCP's motion to dismiss, **DISMISSES** plaintiff's FCRA claim, and **GRANTS** plaintiff's motion for leave to amend the complaint.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Factual background

Plaintiff *pro se*, Rajan Patel, is a former UMCP student and he alleges that UMCP has wrongfully billed him for a science course that he enrolled in during the 2008 spring term.  *See* Compl. at 6.  Specifically, plaintiff alleges that he received a letter from UMCP in 2020, stating that he owed the university approximately $2,500 for this class.  *Id.* at 6.  Plaintiff contends that he did not enroll in this class and that he was attending a university in China during the relevant time period.  *Id.*  Plaintiff also contends that an unidentified individual wrongfully used his name and social security number to fraudulently enroll in the course at issue.  *Id.*

In addition, plaintiff alleges that he learned in 2020 that the Central Collections Unit of the Maryland Department of Management and Budget ("CCU") was attempting to collect the outstanding charge for the class at issue. *Id.* And so, plaintiff seeks to recover monetary damages from UMCP, for the "damage[] done over the past 12 years as a result of reporting this to the CCU and credit bureaus." *See id.* at 7.

### B.       Procedural History

Plaintiff commenced this matter on October 21, 2020. *See generally* Compl.

On March 26, 2021, UMCP filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. Def. Mot.; Def. Mem. On April 19, 2021, plaintiff filed a response in opposition to UMCP's motion. Pl. Resp., ECF No. 16.

On October 27, 2021, plaintiff filed a motion for leave to amend the complaint. Pl. Mot. On November 19, 2021, UMCP filed a response in opposition to plaintiff's motion for leave. Def. Resp., ECF No. 25. On January 14, 2022, plaintiff filed a reply in support of his motion for leave to amend the complaint. Pl. Reply, ECF No. 28.

UMCP's motion to dismiss and plaintiff's motion for leave to amend the complaint having been fully briefed, the Court resolves the pending motions.

## II.      LEGAL STANDARDS

### A.       Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd.. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591

F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

Because "a motion to dismiss pursuant to Rule 12(b)(6) . . . 'tests the sufficiency of the complaint,' that motion 'generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred.'"  *Peela v. BrownIT Corp.*, No. 14-2482, 2015 WL 5092521, at *2 (D. Md. Aug. 27, 2015) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)).  But, a defendant may raise a statute of limitations defense in a 12(b)(6) motion to dismiss, "if the time bar is apparent on the face of the complaint."  *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

### B.      Fed. R. Civ. P. 15

Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182).  In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim."  *Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (4th Cir. 2012).  And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss."  *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

III.     ANALYSIS

A.       **Plaintiff's FCRA Claim Is Time Barred**

As an initial matter, to the extent that plaintiff continues to raise an FCRA claim in this case, UMCP persuasively argues that this claim is time-barred.  *See* Def. Mem. at 3-5.  The FCRA requires that plaintiff bring this claim "not later than *the earlier of*—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."  15 U.S.C. § 1681p (emphasis added).  And so, even if the Court accepts plaintiff's argument that he did not discover the billing error at issue in this case until 2020, his FCRA claim would be time-barred because he did not bring this claim within five years of the date of the alleged 2008 billing error. 15 U.S.C. § 1681p.  And so, the Court DISMISSES this claim.

B.       **Plaintiff May Amend The Complaint**

While the Court must dismiss plaintiff's FCRA claim, the Court will grant plaintiff leave to amend the complaint with regards to his FCBA claim.  Plaintiff seeks to amend the complaint to add allegations regarding when he became aware of the billing error at issue in this case.  *See* ECF No. 22 at 2-5.  UMCP argues that the Court should deny this request, upon the ground of futility, because plaintiff's FCBA is time-barred and plaintiff cannot otherwise state a plausible FCBA claim in this case.  *See* Def. Resp. at 3-12.  But, there are material factual disputes in this case regarding when plaintiff became aware of the billing error at issue.  *Peela v. BrownIT Corp.*, No. 14-2482, 2015 WL 5092521, at *2 (D. Md. Aug. 27, 2015) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)) (because "a motion to dismiss pursuant to Rule 12(b)(6) . . . 'tests the sufficiency of the complaint,' that motion 'generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred'"). In addition, plaintiff should have the opportunity to fully respond to the legal arguments raised in UMCP's response in opposition to his motion for leave, regarding the viability of his FCBA

claim, before the Court considers UMCP's request to dismiss this claim.  And so, for these reasons, the Court will grant plaintiff leave to amend the complaint.[1]

### IV.     CONCLUSION

In light of the foregoing, the Court:

1.  **GRANTS-in-PART** UMCP's motion to dismiss;

2.  **DISMISSES** plaintiff's FCRA claim; and

3.  **GRANTS** plaintiff's motion for leave to amend the complaint.

UMCP shall **FILE** a notice with the Court stating whether it intends to renew its motion to dismiss, with regards to plaintiff's FCBA claim, on or before **April 5, 2022**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[1] On October 27, 2021, plaintiff filed a proposed amended complaint as an attachment to his motion for leave.  *See* ECF No. 22-1.  Pursuant to Local Rule 103.6(a), plaintiff's proposed amended complaint is deemed filed and served as of the date of this Order.  *See* L.R. 103.6(a).