IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| RAJAN PATEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSITY OF MARYLAND )<br>COLLEGE PARK, )<br>)<br>Defendant. )<br>) | Civil Action No. 20-cv-3070-LKG<br><br>Dated:  February 15, 2023 |

## MEMORANDUM OPINION AND ORDER

Plaintiff *pro se*, Rajan Patel, brings this civil action against the University of Maryland College Park ("UMCP") pursuant to, among other things, the Fair Credit Billing Act ("FCBA"). *See* ECF No. 32-4.  The UMCP has moved to dismiss the second amended complaint for lack of subject-matter jurisdiction and failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  ECF No. 35; ECF No. 35-1.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court: (1) **GRANTS** UMCP's motion to dismiss and (2) **DISMISSES** the second amended complaint.

I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

   A.   **Factual Background**

Plaintiff *pro se*, Rajan Patel, originally brought civil claims against the UMCP under the Fair Credit Reporting Act ("FCRA") and the FCBA.  ECF No. 1.  On March 8, 2022, the Court dismissed Plaintiff's FCRA claim.  ECF No. 29.  Plaintiff has since amended the complaint on two occasions.  ECF Nos. 30 and 32-4.  The Court construes the second amended complaint to

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the second amended complaint, Defendant's motion to dismiss and memorandum in support thereof.

assert a claim against UMCP under the FCBA.² ECF No. 32-4. This remaining claim is the subject of UMCP's pending motion to dismiss. ECF. No. 35-1.

As background, Plaintiff alleges that UMCP wrongfully billed him for enrollment in a science course during the 2008 spring term. ECF No. 32-4. Specifically, Plaintiff alleges that he received a letter from UMCP in 2020, stating that he owed the University approximately $3,000 for this class. *Id.* at 10. Plaintiff contends that he did not enroll in this class and that he was attending a university in China during the relevant time period. *Id.* at 11. Plaintiff also contends that an unidentified individual wrongfully used his name and social security number to fraudulently enroll in the course at issue. *Id.*

In addition, plaintiff alleges that he learned in 2020 that the Central Collections Unit of the Maryland Department of Management and Budget ("CCU") was attempting to collect the outstanding charge for the class at issue. *Id.* And so, Plaintiff seeks to recover monetary damages from UMCP, in the amount of $75,000, "for the damages done to [him] as a result of wrongful billing and reporting this to the CCU and credit bureaus." *Id*.

B.  **Procedural Background**

Plaintiff commenced this civil matter on October 21, 2020. ECF No. 1. After UMCP moved to dismiss the complaint, the Court dismissed Plaintiff's FCRA claim as time-barred and granted Plaintiff leave to amend the complaint on March 8, 2022, and on April 5, 2022, respectively. ECF Nos. 29, 30, 32-4 and 34.

On May 23, 2022, UMCP filed a motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), and a memorandum in support thereof. ECF No. 35; ECF No. 35-1. On June 9, 2022, Plaintiff filed a response in opposition to UMCP's motion to dismiss. ECF No. 36.

---

² Plaintiff states in the civil cover sheet accompanying the second amended complaint that the grounds for jurisdiction in this case are "[s]tatutes pertaining to Declaratory Judgement [sic] Action, and Fair Credit Billing Act." ECF No. 32-4 at 4. But the second amended complaint neither identifies a statute to support a claim for declaratory relief, nor asserts any valid claim of jurisdiction by which declaratory relief could be awarded. ECF No. 32-4.

On July 6, 2022, UMCP filed its reply.  ECF No. 37.  On August 25, 2022, Plaintiff filed a supplemental response to UMCP's motion.  ECF No. 38.

UMCP's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## II.     LEGAL STANDARDS

### A.     *Pro Se* Litigants

Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the second amended complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted).  And so, if Plaintiff fails to allege sufficient facts to establish jurisdiction, or set forth a cognizable claim, the Court must dismiss the complaint.

### B.     Jurisdiction And Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.

1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). Plaintiff also bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Id.*; *see also Davis*, 367 F. Supp. 2d at 799.

      **C.**     **Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombley*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

**IV.**    **LEGAL ANALYSIS**

The UMCP has moved to dismiss Plaintiff's remaining FCBA claim for lack of subject-matter jurisdiction upon the ground that the University enjoys sovereign immunity from citizen claims brought pursuant to the FCBA. ECF. No. 35-1 at 4-9. Alternatively, UMCP moves to dismiss Plaintiff's FCBA claim, pursuant to Fed. R. Civ. P. 12(b)(6), because the University is

not a "creditor" as contemplated by the FCBA and the transaction at issue is not a consumer credit transaction under the FCBA. *Id*. at 9-11.

Plaintiff counters that the Court should not dismiss this matter because he is bringing a declaratory judgment action. ECF No. 36.

For the reasons set forth below, UMCP persuasively argues that it is immune from suit with regards to Plaintiff's FCBA claim. A careful reading of the second amended complaint also makes clear that Plaintiff has not alleged a plausible FCBA claim in this case. And so, the Court: (1) GRANTS UMCP's motion to dismiss and (2) DISMISSES the second amended complaint. Fed. R. Civ. P. 12(b)(1) and (b)(6).

### A.   Plaintiff's FCBA Claim Is Barred By The Doctrine of Sovereign Immunity

As an initial matter, UMCP argues with persuasion that Plaintiff's FCBA claim is barred by the doctrine of sovereign immunity, because the State of Maryland has sovereign immunity, and the University is an instrumentality of the State. The United States Court of Appeals for the Fourth Circuit has explained that "state sovereign immunity bars all claims by private citizens against state governments and their agencies[.]" *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019) (citations omitted).[3]

"Sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. General Dynamics Information Technology, Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (quotation omitted). Given this, the Court has also held that "sovereign immunity bars suit not only against a state, but also against an instrumentality of a state[.]" *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 410 (D. Md. 2022) (citations omitted).

Neither the Fourth Circuit, nor this Court, has previously addressed whether a state is immune from suit under the FCBA, or the encompassing Truth in Lending Act ("TILA"). But other courts have recognized that Section 1612 of the TILA either preserves or provides

---

[3] There are three exceptions to sovereign immunity: (1) where Congress has abrogated immunity both unequivocally and through a valid grant of constitutional authority; (2) when permitting injunctive relief against a state official acting in violation of federal law; and (3) when a State chooses to waive its immunity through direct actions in the matter or through general legislation granting a citizen right of action against the State. *See In Lee-Thomas v. Prince George's County Public Schools*, 666 F.3d 244, 249-50 (4th Cir. 2012). None of these exceptions appear to be present in this case.

governmental immunity from suit. *See, e.g.*, *Kirtz v. Trans Union LLC*, 46 F.4th 159, 167 (3d Cir. 2022) (citing to 15 U.S.C. § 1612(b) and concluding that "[t]he TILA, for example, includes a provision that expressly preserves the United States' sovereign immunity against civil suits"); *Moore v. U.S. Dep't. of Agriculture*, 55 F.3d 991, 994 (5th Cir. 1995) (concluding that the TILA explicitly preserves sovereign immunity); *Mitchell v. Major Federal Sav. & Loan Ass'n*, 687 F.Supp 1164, 1165-66 (S.D. Ohio, 1987) (concluding that defendant Federal Savings and Loan Insurance Corporation and the city of Cincinnati are immune to claims brought under TILA, pursuant to 15 U.S.C. § 1612(b)). Notably, Section 1612 provides that, "[n]o civil or criminal penalty provided under this subchapter for any violation thereof may be imposed upon the United States or any department or agency thereof, *or upon any State or political subdivision thereof, or any agency of any State or political subdivision*." 15 U.S.C. § 1612(b) (emphasis supplied).

The Fourth Circuit has also recognized that the University of Maryland is a constituent of the University System of Maryland and, thus, is an instrumentality of the State of Maryland for purposes of sovereign immunity. *See, e.g.*, *Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255, 265 (4th Cir. 2005) (holding "that the University [of Maryland System] is an alter ego of Maryland" because it "lacks operational autonomy, is performing an essential state-wide function, and is viewed as an alter ego of the state by Maryland law."); *Palotai v. University of Maryland College Park*, 959 F.Supp. 714, 716 (D. Md. 1997) ("The University of Maryland [College Park] is such an arm of the State partaking of the State's Eleventh Amendment immunity.") (quotation and citations omitted); *see also Panghat v. Baltimore Veterans Affairs Medical Center*, 2019 WL 7281952, *10 (D. Md. December 27, 2019) (concluding that, similar to UMPC, the "[University of Maryland, Baltimore] is a constituent of the University System of Maryland, and therefore it is an instrumentality of the State for purposes of sovereign immunity."). The State of Maryland has also designated the University System of Maryland as an instrumentality of the State. *See, e.g.*, Md. Code Ann., Educ. § 12-102(a)(2).

Because UMCP is part of the University System of Maryland, the University would share the State of Maryland's right to sovereign immunity, to the extent that such immunity is extended to claims brought under the TILA. Because the Court reads Section 1612 of the TILA to preserve the State of Maryland's sovereign immunity from suit brought under that Act, the Court agrees with UMPC that Plaintiff's FCBA claim is barred under the doctrine of sovereign

immunity. And so, the Court must DISMISS this claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

### B.  Plaintiff Fails To State A Plausible FCBA Claim

Even if the Court were to possess subject-matter jurisdiction to consider Plaintiff's FCBA claim, dismissal of that claim would remain warranted because Plaintiff fails to state a plausible FCBA claim. The FCBA is a constituent part of the TILA, and the FCBA's purpose is to establish certain procedures for a "creditor" to investigate and resolve complaints by obligors alleging billing errors. 15 U.S.C. §1666, *et seq*.; *see also* 15 U.S.C. §1601, *et seq*. A "creditor" is defined under the TILA as follows:

> A person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement[.]

*Id*. at §1602(g).[4] And so, to be a "creditor" for purposes of the TILA and FCBA, UMCP must have, among other things, extended consumer credit to Plaintiff.

In the second amended complaint, Plaintiff alleges that UMCP violated the FCBA by wrongfully billing him for enrollment in a science course during the 2008 spring term. ECF No. 32-4. at 10. But Plaintiff does not allege that UMCP extended him credit pursuant to an agreement. *Id*. Rather his FCBA claim is based upon a one-time tuition charge, which was immediately payable to UMCP pursuant to the University's tuition payment policy. *Id*.; *see also* UMCP Formal Tuition Policy found at https://policies.umd.edu/fiscal-and-business-affairs/university-of-maryland-policy-concerning-payment-of-tuition-and-fees (last visited February 9, 2023).

---

[4] A "private educational lender" is a "creditor" under the TILA. *See* 5 U.S.C. § 1602(g). But UMCP is not a private educational lender. *Innes v. Board of Regents of the Univ. Sys. Md*, 2015 WL 1210484, *1 (D. Md. Mar. 16, 2015) ("University of Maryland, College Park, is a *public* entity") (emphasis added); *University System of Maryland v. Baltimore Sun Co.*, 381 Md. 79, 89 (2004) (concluding that UMPC, as an instrumentality of the State, is subject to Maryland Public Information Act records requests as a public entity.); Md. Code Ann., Educ. § 12-102(a)(2) ("The University is . . . a *public* corporation.") (emphasis added).

7

Given this, UMCP is not a "creditor" as contemplated by the FCBA. And so, the Court would also dismiss Plaintiff's FCBA claim for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

## V.  CONCLUSION

In sum, the Plaintiff's FCBA claim against UMCP is jurisdictionally precluded under the doctrine of sovereign immunity. In addition, Plaintiff fails to state a plausible FCBA claim in the second amended complaint, because UMCP is not a creditor as contemplated by that statute. And so, for the foregoing reasons, the Court:

1.  **GRANTS** UMCP's motion to dismiss; and
2.  **DISMISSES** the second amended complaint.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
